Mr. Chief Justice Shahket
delivered the opinion of the court.
The first objection taken in this case is to the return of the-sheriff on the process, which is in these words, to wit, “ executed by copy, 17th March, 1837. J. J. Henry, deputy for S. M. Flur-noy, sheriff.” It is said that service by copy is not good, except under certain circumstances, and that the sheriff must then recite the facts in the return. The 44th section of the circuit court law provides a mode by which process may be executed, when the defendant cannot be personally served, and has a known place of residence, and it is presumed the objection was taken under this section. There is another provision, however, contained in the 22d section, which places the matter beyond doubt. The sheriff is there required to serve the defendant with a copy, and having returned that service was made by copy, it must be understood to mean a legal service, made by delivering the defendant personally a copy of the writ. There is, therefore, nothing in this objection.
. It is also assigned as error, that there was not a proper and legal issue on which the jury could pass. The replication to the plea of failure of consideration was manifestly bad, but it concluded to the country, and the defendant accepted it and took issue. If, instead of doing so,he,had demurred, his demurrer would have been sustained, or if overruled, it would have been *685 an error for which he could have reversed the judgment. It was a misjoinder of issue, and a defect in the pleading, which could have been demurred to, and is consequently cured by the verdict under the statute of jeofails.
Judgment affirmed.